**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **LOUIS J. MALCMACHER, DDS, et al.,** | ) | **CASE NO. 1:17 CV 818** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| | ) | |
| **JAMES T. JESSE, DDS** | ) | <u>**MEMORANDUM OPINION**</u> |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Second Motion for Judgment on the Pleadings filed by Plaintiffs, American Academy of Facial Esthetics, LLC ("AAFE") and Louis J. Malcmacher, DDS. (Docket #21.) Plaintiffs assert they are entitled to judgment as a matter of law on all three claims raised by Defendant, James T. Jesse, in his Amended Counterclaim.

**Factual and Procedural Background**

From 2011 through 2014, Dr. Jesse contracted with AAFE to present Botox and dermal filler workshops in Ohio and California on behalf of AAFE. Dr. Malcmacher was President of AAFE. In July 2013, the California Dental Board notified Dr. Malcmacher and Dr. Jesse of a dispute (the "Dental Board Dispute") involving events that occurred during a 2012 AAFE workshop for which Dr. Jesse was an instructor and during which it was alleged that live

injections were performed on a non-patient, in violation of California regulations. Dr. Malcmacher and Dr. Jesse were represented by the same Ohio and California counsel in the Dental Board Dispute, which was resolved through a Citation Order.

On July 9, 2015, Dr. Jesse filed an eight count Complaint in California State Court, *James T. Jesse, D.D.S. v. Louis J. Malcmacher, D.D.S, et al.*, Case No. CIVDS1509595, Superior Court of the State of California, County of San Bernardino, Central District, alleging Intentional Misrepresentation, Concealment, False Promise, Negligent Misrepresentation, Breach of Contract, Breach of Covenant of Good Faith and Fair Dealing, Elder Abuse and Negligence, against Dr. Malcmacher and AAFE. Dr. Jesse alleged that he continued to perform Botox injections during workshops based on misrepresentations made by Dr. Malcmacher and AAFE that the injections were not illegal, subjecting him to Dental Board scrutiny and resulting in out-of-pocket expenses for his defense which Dr. Malcmacher and AAFE promised to compensate him for but never did. Dr. Jesse alleged that Dr. Malcmacher and AAFE took financial advantage of him by obtaining his services with the intent to defraud. Dr. Malcmacher and AAFE removed the case to the United States District Court for the Central District of California, Case No. 5:15 CV 1677, and filed a Counterclaim for Breach of Contract.

The California District Court granted summary judgment in favor of Dr. Jesse on Dr. Malcmacher and AAFE's Breach of Contract Counterclaim, finding that the contract did not explicitly prohibit live injections. The California Court granted Dr. Malcmacher and AAFE summary judgment on Dr. Jesse's Intentional Misrepresentation, Negligent Misrepresentation, False Promise, Elder Abuse and Negligence claims. The remainder of the case – Dr. Jesse's claims for Fraudulent Concealment, Breach of Contract and Breach of Implied Covenant of good Faith and Fair Dealing – proceeded to trial and the jury entered a verdict in favor of Dr.

Malcmacher and AAFE on all claims.

Plaintiffs, Dr. Malcmacher and AAFE, initially filed the instant action in the Cuyahoga County Court of Common Pleas, Case No. CV 17 877466, on March 16, 2017. On April 17, 2017, Dr. Jesse filed a Notice of Removal with this Court pursuant to this Court's diversity jurisdiction. Plaintiffs assert claims against Dr. Jesse for Abuse of Process and Malicious Prosecution, alleging that the California lawsuit filed by Dr. Jesse was filed "to intentionally drive-up Dr. Malcmacher's and AAFE's costs and to force an unreasonable settlement" and filed without probable cause and with malice. On July 15, 2017, Dr. Jesse filed his Answer to Complaint and Amended Counterclaim, setting forth causes of action for Abuse of Process, Malicious Prosecution and Tortious Interference with Business Relationships.

On August 9, 2017, Plaintiffs filed their Second Motion for Judgment on the Pleadings. (Docket #21.) Plaintiffs argue that Dr. Jesse's tortious interference claim is barred by the doctrine of *res judicata*, given that the California Litigation addressed the Dental Board Dispute, Dr. Jesse's contractual relationship with AAFE, and Dr. Jesse's services performed on behalf of AAFE; that the California litigation resulted in a jury verdict favorable to Plaintiffs; and, that Dr. Jesse's tortious interference claim could have been litigated in the California lawsuit. Further, Plaintiffs argue that Dr. Jesse has failed to sufficiently allege claims for abuse of process or malicious prosecution. On October 10, 2017, Dr. Jesse filed his Memorandum in Opposition. (Docket #27.) Dr. Jesse argues that "Plaintiffs' Complaint filed in this federal court is tantamount to harassment and is the basis for Jesse's counts for Abuse of Process and Malicious Prosecution." (Docket #27, p. 2.) Further, Dr. Jesse argues that his intentional interference claim "is not solely based on the mere existence of the California Dental Board's

investigation," and that the "availability of information to his past, current and prospective patients, from a simple background search of California Dental Board Disciplinary Actions and court dockets has caused and will continue to cause him to sustain damages."

**Standard of Review**

The standard of review used by a district court to rule on a motion for judgment on the pleadings is the same as the standard used to rule on Rule 12(b)(6) motions. *See Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. Tenn. 1998). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. Ohio 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favorable of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. Ky. 2007). The court will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. Tenn. 2000). In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Ohio Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of

*Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 127 S. Ct. at 1974.

On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. Ohio 2001). It is with this standard in mind that the instant Motion must be decided.

## Discussion

**I. Intentional Interference with Business Relationships.**

The doctrine of *res judicata* encompasses the two related concepts of claim preclusion and issue preclusion. *Anderson v. City of Blue Ash,* 798 F.3d 338, 350 (6th Cir. Ohio 2015). "'Claim preclusion prevents subsequent actions, by the same parties or their privies, based on any claim arising out of a transaction that was the subject matter of a previous action.'" *Id.* (quoting *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St. 3d 59, 2007 Ohio 1102, 862 N.E.2d 803, 806 (Ohio 2007)). Claim preclusion also bars subsequent actions whose claims "could have been litigated in the previous suit." *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. Ohio 1981). By contrast, issue preclusion, or collateral estoppel, prevents the "'relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies' and 'applies even if the causes of action differ.'" *Anderson*,

798 F.3d 338, 350.)

The California lawsuit involved identical Parties and Dr. Jesse's Intentional Interference with Business Relationships Counterclaim claim arises out of the same set of circumstances as those litigated in the previous action. Dr. Jesse alleges that Plaintiffs persuaded him to perform live Botox injections at the California seminar – despite knowing it was forbidden by the California Dental Board – subjecting him to Board scrutiny and jeopardizing his license to practice dentistry and his ability earn a living. His Intentional Interference with Business Relationships claim rests on the assertion that all of Plaintiffs' actions or inactions will continue to harm his reputation because anyone could discover the California Disciplinary Action, Plaintiffs' Counterclaim against him in California, and Plaintiffs' claims against him in this Court.

The Court has reviewed, at length, filings in the California lawsuit. Dr. Jesse's claim for Intentional Interference with Business Relationships undoubtedly could have been litigated in the prior lawsuit. Accordingly, it is barred by the doctrine of *res judicata*. Furthermore, a claim for tortious interference with a business relationship requires "(1) a business relationship; (2) the tortfeasor's knowledge thereof; (3) an intentional interference causing a breach or termination of the relationship; and (4) damages resulting therefrom." *Cooper v. Jones*, 2006-Ohio-1770, 2006 WL 895210 at *4 (Ohio Ct. App. 2006). "The torts of interference with business relationships and contract rights generally occur when a person, without a privilege to do so, induces or otherwise purposely causes a third person not to enter into or continue a business relation with another, or not to perform a contract with another." *A & B-Abell Elevator Co. v. Columbus/Cent. Ohio Bldg. & Constr. Trades Council*, 73 Ohio St. 3d 1, 1995 Ohio 66, 651 N.E.2d 1283, 1294 (1995). Dr. Jesse fails to allege any facts suggesting that Plaintiffs have intentionally interfered

-6-

with any known business relationships between Dr. Jesse and a third person and the mere fact that Plaintiffs filed a lawsuit in this Court is insufficient to sustain Dr. Jesse's claim.

Based on the foregoing, Plaintiffs' Motion for Judgment on the Pleadings is GRANTED as to Dr. Jesse's claim for Intentional Interference with Business Relationships, Count Three of the Amended Counterclaim.

**II.    Abuse of Process/Malicious Prosecution.**

An abuse of process claim under Ohio law requires a plaintiff to establish: "(1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process." *Robb v. Chagrin Lagoons Yacht Club, Inc.*, 75 Ohio St. 3d 264, 270, 1996 Ohio 189, 662 N.E.2d 9 (1996) (quoting *Yaklevich v. Kemp, Schaeffer & Rowe Co., L.P.A.*, 68 Ohio St. 3d 294, 1994 Ohio 503, 626 N.E.2d 115 (1994)). Under California law, an abuse of process cause of action requires "an ulterior motive in using the process" and a "willful act in the use of the use of the process not proper in the regular course of proceedings." *Rusheen v. Cohen,* 37 Cal. 4th 1048, 1057, 39 Cal. Rptr. 516, 128 P.3d 713 (2006). "The mere filing or maintenance of a lawsuit – even for an improper purpose – is not a proper basis for an abuse of process action." *Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc.,* 42 Cal. 3d 1157, 232 Cal. Rptr. 567, 728 P.2d 1202 (1986); see also *Schiff v. Dickson*, 2011 Ohio 6079, 2011 Ohio App. LEXIS 4957 (Ohio App. 8th Dist. 2011) ("'[T]he mere filing of a complaint cannot constitute an abuse of process.'" (quoting *Beacon Journal Publishing Co. v. Zonak, Poulos & Cain*, No. 79AP-123, 1979 Ohio App. LEXIS 11795 (Ohio App. 10th Dist. Sep. 25, 1979))).

.       In order to establish a claim of malicious civil prosecution under Ohio law, a plaintiff must establish that prior proceedings were initiated or continued with malice and without probable cause; that the prior proceedings ended in the injured party's favor; and, that a seizure of the injured party or his property during the prior proceedings occurred. *Robb,* 75 Ohio St.3d 264, 269. The purpose of the "seizure of property" element required in a malicious civil prosecution action under Ohio law was addressed by the Court in *Robb*, as follows:

> We believe that the interests of justice and judicial economy are best served by continuing to require the element of seizure of property in malicious civil prosecution cases. The damages from being sued civilly are of a different character than from being arrested or haled into court on a criminal charge. A person's freedom is not at stake in a civil trial. Civ.R. 12 allows for the quick disposal of meritless claims, and Civ.R. 11 presents the best avenue to deal early, quickly, and effectively with bogus lawsuits.  Also, R.C. 2323.51(B)(1) allows for the award of attorney fees to victims of frivolous conduct in a civil case.
>
> We echo this court's concern in [*Crawford v. Euclid Nat'l Bank*, 19 Ohio St. 3d 135, 19 Ohio B. 341, 483 N.E.2d 1168 (1985)] that removing the seizure requirement from malicious civil prosecution claims would result in an explosion of claims for malicious prosecution. There are opportunities already built into the civil system to deal with a meritless lawsuit within that same lawsuit, rather than instituting another suit. Every successful summary judgment defendant should not be tempted to file a malicious prosecution claim.
>
> We therefore retain in malicious civil prosecution cases the long-held and well-reasoned requirement of seizure of property, and leave to our Rules of Civil Procedure, or the General Assembly, the method with which to deal with meritless civil claims.

*Id.* at 270.  While California law does not include a seizure element, malicious civil prosecution claims are generally disfavored in California and the probable cause element of a malicious prosecution claim requires an objective determination as to the "reasonableness" of the prior lawsuit. *Leonardini v. Shell Oil Co.*, 216 Cal. App. 3d 547, 264 Cal. Rptr. 883 (3rd Dist. Ct. App. Cal. 1989).  "'If the court determines that there was probable cause to institute the prior

-8-

action, the malicious prosecution action fails, whether or not there is evidence that the prior suit was maliciously motivated.'" *Id.* at p. 568 (quoting *Sheldon Appel Co. v. Albert & Oliker*, 47 Cal. 3d 863, 85, 765 P.2d 498 (1989)).

As stated above, claims and issues that were litigated or could have been litigated in the California case – whether they are being resurrected by Plaintiffs or Dr. Jesse in this Court – are beyond this Court's review and there are no allegations set forth in the Amended Counterclaim sufficient to establish that Plaintiffs perverted proceedings in the California case for an ulterior purpose and no allegations to substantiate Dr. Jesse's assertion that the single Breach of Contract Counterclaim filed in the California action by Plaintiffs in response to Dr. Jesse's Complaint was initiated with malice and/or without probable cause, or that Dr. Jesse suffered a seizure of his property or person during the course of those proceedings. The claims initiated in this lawsuit are exactly the type of claim contemplated by the Ohio Supreme Court in *Robb* and addressed by the probable cause standard applied by the California Courts. As stated in *Robb* and worth reiterating, "There are opportunities already built into the civil system to deal with a meritless lawsuit within that same lawsuit, rather than instituting another suit."

Despite spending most of his time discussing the California lawsuit and the issues addressed therein, Dr. Jesse also argues in his Opposition Brief that Plaintiffs' lawsuit in this Court amounts to an abuse of process and/or malicious prosecution. However, as stated above, the mere filing of a lawsuit does not amount to an abuse of process and Dr. Jesse's Amended Counterclaim fails to sufficiently allege that Plaintiffs have perverted proceedings in this case for an ulterior purpose. Furthermore, the allegations set forth in the Amended Counterclaim are insufficient to establish malice or a lack of probable cause as it relates to this lawsuit; Dr. Jesse does not allege the seizure of his property or person; and, Plaintiffs' claims against Dr. Jesse in

this lawsuit have not yet been terminated.  Accordingly, to the extent his Abuse of Process and Malicious Prosecution Counterclaims are based on the instant lawsuit, they also fail as a matter of law.

Based on the foregoing, Plaintiffs are entitled to judgment on Dr. Jesse's Abuse of Process and Malicious Prosecution claims, Counts One and Two of the Amended Counterclaim.

**Conclusion**

For the reasons stated above, the Motion for Judgment on the Pleadings filed by Plaintiffs (Docket #21) is hereby GRANTED in its entirety.

IT IS SO ORDERED.

                                            s/Donald C. Nugent
                                            DONALD C. NUGENT
                                            United States District Judge

DATED: December 8, 2017