## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| LOUIS J. MALCMACHER, DDS, et al., | ) | CASE NO.    1:17 CV 818 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| | ) | |
| JAMES T. JESSE, DDS | ) | <u>MEMORANDUM OPINION</u> |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion for Summary Judgment filed by

Defendant, James T. Jesse, DDS ("Dr. Jesse").  (Docket #43.)  Pursuant to Fed. R. Civ. P. 56(c),

Dr. Jesse seeks summary judgment as to the abuse of process and malicious prosecution claims

asserted against him by Plaintiffs, American Academy of Facial Esthetics, LLC ("AAFE") and

Louis J. Malcmacher, DDS ("Dr. Malcmacher").

### I.      Factual and Procedural Background.[1]

From 2011 through 2014, Dr. Jesse contracted with AAFE to present Botox and dermal

---

[1]      The facts as stated in this Memorandum Opinion and Order are taken from the
Parties' submissions.  Those material facts that are controverted and supported by
deposition testimony, affidavit, or other evidence are stated in the light most favorable to
the non-moving Party.

filler workshops ("Botox Workshops") in Ohio and California on behalf of AAFE.   Dr.

Malcmacher was President of AAFE.  In July 2013, the California Dental Board notified Dr.

Malcmacher and Dr. Jesse of a dispute (the "Dental Board Dispute") involving events that

occurred during a 2012 AAFE workshop for which Dr. Jesse was an instructor and during which

it was alleged that live injections were performed on a non-patient, in violation of California

regulations.  Dr. Malcmacher and Dr. Jesse were represented by the same Ohio and California

counsel in the Dental Board Dispute.  Dr. Jesse resolved the Dental Board Dispute on January

20, 2015 through a private Citation Order.

### A.      The California Litigaiton.

On July 9, 2015, following resolution of the Dental Board Dispute, Dr. Jesse filed an

eight count Complaint in California State Court, *James T. Jesse, D.D.S. v. Louis J. Malcmacher,

D.D.S, et al.*, Case No. CIVDS1509595 ("California Litigation"), Superior Court of the State of

California, County of San Bernardino, Central District, alleging Intentional Misrepresentation,

Concealment, False Promise, Negligent Misrepresentation, Breach of Contract, Breach of

Covenant of Good Faith and Fair Dealing, Elder Abuse and Negligence, against Dr. Malcmacher

and AAFE.   Dr. Jesse alleged that he continued to perform Botox injections during workshops

based on misrepresentations made by Dr. Malcmacher and AAFE that the injections were not

illegal, subjecting him to Dental Board scrutiny and resulting in out-of-pocket expenses for his

defense which Dr. Malcmacher and AAFE promised to compensate him for but never did.  Dr.

Jesse alleged that Dr. Malcmacher and AAFE took financial advantage of him by obtaining his

services with the intent to defraud.  Dr. Malcmacher and AAFE subsequently removed the case

to the United States District Court for the Central District of California, Case No. 5:15 CV 1677,

and filed a Counterclaim for Breach of Contract.

The California District Court granted summary judgment in favor of Dr. Jesse on Dr. Malcmacher and AAFE's Breach of Contract counterclaim, finding that the contract did not explicitly prohibit live injections.  The California Court granted Dr. Malcmacher and AAFE summary judgment on Dr. Jesse's Intentional Misrepresentation, Negligent Misrepresentation, False Promise, Elder Abuse and Negligence claims.  The remainder of the case – Dr. Jesse's claims for Fraudulent Concealment, Breach of Contract and Breach of Implied Covenant of Good Faith and Fair Dealing – proceeded to trial on November 29, 2016.  The California Court entered a directed verdict in favor of Dr. Malcmacher and AAFE on Dr. Jesse's Breach of Contract and Breach of Implied Covenant of Good Faith and Fair Dealing claims.  On November 30, 2016, the jury entered a verdict in favor of Dr. Malcmacher and AAFE on Dr. Jesse's Fraudulent Concealment claim.

### B.  Plaintiffs' Lawsuit in this Court.

On March 16, 2017, Dr. Malcmacher and AAFE filed the instant action in the Cuyahoga County Court of Common Pleas, Case No. CV 17 877466.  On April 17, 2017, Dr. Jesse filed a Notice of Removal with this Court pursuant to this Court's diversity jurisdiction.  Plaintiffs assert claims against Dr. Jesse for Abuse of Process and Malicious Prosecution, alleging that the California lawsuit filed by Dr. Jesse was filed "to intentionally drive-up Dr. Malcmacher's and AAFE's costs and to force an unreasonable settlement," and filed without probable cause and with malice.  On July 15, 2017, Dr. Jesse filed his Answer to Complaint and Amended Counterclaim, setting forth causes of action for Abuse of Process, Malicious Prosecution and Tortious Interference with Business Relationships.

On August 9, 2017, Plaintiffs filed their Second Motion for Judgment on the Pleadings,

-3-

asking the Court to grant judgment in its favor on all of Dr. Jesse's Counterclaims. (Docket #21.) On December 11, 2017, this Court granted Plaintiffs' Motion in its entirety, finding Dr. Jesse's Counterclaim for Tortious Interference with Business Relationships to be barred by the doctrine of *res judicata*, as it could have been litigated as part of the California litigation, and finding that to the extent Dr. Jesse's claims for abuse of process and/or malicious prosecution were not likewise barred, there were no allegations set forth in the Amended Counterclaim sufficient to establish that Plaintiffs perverted proceedings – in either the California case or in this Court – for an ulterior purpose, or initiated or continued said proceedings with malice or a lack of probable cause.

**C.      Dr. Jesse's Motion for Summary Judgment.**

On March 20, 2018, Dr. Jesse filed the instant Motion for Summary Judgment, arguing Plaintiffs' have failed to present any evidence sufficient to support their claims against him for abuse of process and malicious prosecution. (Docket #44.) Plaintiffs filed an Opposition Brief on April 19, 2018. (Docket #49.) Dr. Jesse filed a Reply Brief on May 3, 2018. (Docket #52.)

**II.      Standard of Review.**

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)).  A fact is "material" only if its resolution will affect the outcome of the lawsuit.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards.  The court will view the summary judgment motion in the light most favorable to the party opposing the motion.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case.  *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. Ohio 1995) (citing *Celotex*, 477 U.S. at 322).  Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. Mich. 1995) (citing *Anderson*, 477 U.S. at 252).  Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment.  *Anderson*, 477 U.S. at 249-50 (citations omitted).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party.  The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury."  *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. Ky. 1995).  FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this
> rule, an adverse party may not rest upon the mere allegations or denials of the
> adverse party's pleading, but the adverse party's response, by affidavits or as
> otherwise provided in this rule, must set forth specific facts showing that there is
> a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. *Id.*

As a general matter, the district judge considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law." *Anderson*, 477 U.S. at 248.  The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter. *Id.* at 249.  The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.*

In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

**III.    Discussion**.

An abuse of process claim under Ohio law requires a plaintiff to establish: "(1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process." *Robb v. Chagrin Lagoons Yacht Club, Inc.*, 75 Ohio St. 3d 264, 270, 1996 Ohio 189, 662 N.E.2d 9

-6-

(1996) (quoting *Yaklevich v. Kemp, Schaeffer & Rowe Co., L.P.A.*, 68 Ohio St. 3d 294, 1994 Ohio 503, 626 N.E.2d 115 (1994)). Under California law, an abuse of process cause of action requires "an ulterior motive in using the process" and a "willful act in the use of the use of the process not proper in the regular course of proceedings." *Rusheen v. Cohen,* 37 Cal. 4th 1048, 1057, 39 Cal. Rptr. 516, 128 P.3d 713 (2006). "The mere filing or maintenance of a lawsuit – even for an improper purpose – is not a proper basis for an abuse of process action." *Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc.,* 42 Cal. 3d 1157, 232 Cal. Rptr. 567, 728 P.2d 1202 (1986); see also *Schiff v. Dickson*, 2011 Ohio 6079, 2011 Ohio App. LEXIS 4957 (Ohio App. 8th Dist. 2011) ("'[T]he mere filing of a complaint cannot constitute an abuse of process.'" (quoting *Beacon Journal Publishing Co. v. Zonak, Poulos & Cain*, No. 79AP-123, 1979 Ohio App. LEXIS 11795 (Ohio App. 10th Dist. Sep. 25, 1979))).

.       In order to establish a claim of malicious civil prosecution under Ohio law, a plaintiff must establish that prior proceedings were initiated or continued with malice and without probable cause; that the prior proceedings ended in the injured party's favor; and, that a seizure of the injured party or his property during the prior proceedings occurred. *Robb,* 75 Ohio St.3d 264, 269. The purpose of the "seizure of property" element required in a malicious civil prosecution action under Ohio law was addressed by the Court in *Robb,* as follows:

> We believe that the interests of justice and judicial economy are best served by continuing to require the element of seizure of property in malicious civil prosecution cases. The damages from being sued civilly are of a different character than from being arrested or haled into court on a criminal charge. A person's freedom is not at stake in a civil trial. Civ.R. 12 allows for the quick disposal of meritless claims, and Civ.R. 11 presents the best avenue to deal early, quickly, and effectively with bogus lawsuits. Also, R.C. 2323.51(B)(1) allows for the award of attorney fees to victims of frivolous conduct in a civil case.

> We echo this court's concern in [*Crawford v. Euclid Nat'l Bank*, 19 Ohio St. 3d 135, 19 Ohio B. 341, 483 N.E.2d 1168 (1985)] that removing the seizure requirement from malicious civil prosecution claims would result in an explosion of claims for malicious prosecution. There are opportunities already built into the civil system to deal with a meritless lawsuit within that same lawsuit, rather than instituting another suit. Every successful summary judgment defendant should not be tempted to file a malicious prosecution claim.
>
> We therefore retain in malicious civil prosecution cases the long-held and well-reasoned requirement of seizure of property, and leave to our Rules of Civil Procedure, or the General Assembly, the method with which to deal with meritless civil claims.

*Id.* at 270.  While California law does not include a seizure element, malicious civil prosecution claims are generally disfavored in California and the probable cause element of a malicious prosecution claim requires an objective determination as to the "reasonableness" of the prior lawsuit.  *Leonardini v. Shell Oil Co.*, 216 Cal. App. 3d 547, 264 Cal. Rptr. 883 (3rd Dist. Ct. App. Cal. 1989).  "'If the court determines that there was probable cause to institute the prior action, the malicious prosecution action fails, whether or not there is evidence that the prior suit was maliciously motivated.'" *Id.* at p. 568 (quoting *Sheldon Appel Co. v. Albert & Oliker*, 47 Cal. 3d 863, 85, 765 P.2d 498 (1989)).

This Court's thorough review of the California litigation demonstrates that a genuine dispute existed between the Parties in the California lawsuit, and the Parties' filings in this Court reflect that neither Party was satisfied with the disposition of their respective claims in California.   However, as previously stated by the Court in its Memorandum Opinion on Plaintiffs' Motion for Judgment on the Pleadings, "claims and issues that were litigated or could have been litigated in the California case – whether they are being resurrected by Plaintiffs or

Dr. Jesse in this Court – are beyond this Court's review."[2] Dissatisfaction does not permit one to relitigate issues in a different forum. Once again, much of what the Parties argue relative to what happened during the Botox Workshops, the Dental Board Dispute and the California litigation – this time in the context of Dr. Jesse's Motion for Summary Judgment – is beyond anything the Court may revisit.

In order to prevail in this case, and to the extent the Parties are not otherwise barred by the doctrine of *res judicata* from relitigating claims issues that could have been or were already raised in the California Litigation, Plaintiffs would have to present evidence by which a jury could conclude that Dr. Jesse pursued the California Litigation for an ulterior motive or purpose and/or that Dr. Jesse acted with malice and without probable cause by pursuing the California action. Plaintiffs have failed to carry their burden.

### A. Abuse of Process.

In support of their abuse of process claim, Plaintiffs first argue that in the California litigation, Dr. Jesse submitted a false Declaration in opposition to Plaintiffs' Motion for

---

[2]

      The doctrine of *res judicata* encompasses the two related concepts of claim preclusion and issue preclusion. *Anderson v. City of Blue Ash*, 798 F.3d 338, 350 (6th Cir. Ohio 2015). "'Claim preclusion prevents subsequent actions, by the same parties or their privies, based on any claim arising out of a transaction that was the subject matter of a previous action.'" *Id.* (quoting *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St. 3d 59, 2007 Ohio 1102, 862 N.E.2d 803, 806 (Ohio 2007)). Claim preclusion also bars subsequent actions whose claims "could have been litigated in the previous suit." *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. Ohio 1981). By contrast, issue preclusion, or collateral estoppel, prevents the "'relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies' and 'applies even if the causes of action differ.'" *Anderson*, 798 F.3d 338, 350.)

Summary Judgment and, that based on the alleged false statements in the Declaration, the California Court denied Plaintiffs' Motion for Summary Judgment on Dr. Jesse's claims for breach of contract, breach of covenant of good faith and fair dealing and fraudulent concealment, resulting in the trial of those claims. Plaintiffs suggest that Dr. Jesse's motive for filing the allegedly false Declaration was to "legally extort Plaintiffs to pay an exorbitant amount of money for frivolous claims in retaliation for the Dental Board Dispute."

A review of the docket in the California Litigation reveals that Plaintiffs challenged the truthfulness of portions of Dr. Jesse's Declaration during the California litigation. On February 8, 2016, in the California litigation, Dr. Malcmacher and AAFE filed their "Objection to Evidence Offered in Support of [Dr. Jesse's] Opposition to [Dr. Malcmacher and AAFE's] Motion for Summary Judgment." (California Litigation, Docket #53.) Presumably, the California Court considered the evidence, the objections thereto, and ruled upon the Parties' respective Motions for Summary Judgment. The case then went to trial, where the veracity of Dr. Jesse's statements would again be tested. The truthfulness of Dr. Jesse's Declaration will not be relitigated in this Court.

Moreover, to the extent not otherwise barred from review, the Court has considered all of the evidence offered by Plaintiffs - including a thorough review of the depositions and trial transcripts. Nothing before the Court demonstrates the deception or untruthfulness alleged by Plaintiffs and Plaintiffs have failed to present any evidence by which a jury could find that Dr. Jesse's true motivation for filing said Declaration was to "legally extort" money from or retaliate against Plaintiffs.

Second, Plaintiffs argue that Dr. Jesse "knowingly filed" his lawsuit in California; that

-10-

Dr. Jesse's contracts with AAFE required that he file his lawsuit in Ohio; and, that Dr. Jesse "willingly perverted the process of the court by requiring Plaintiffs to defend themselves in a foreign state in breach of his contracts" because "he wanted to place himself into the most advantageous position possible in order to legally extort Plaintiffs into making a quick, favorable settlement."  (Docket #49 at pp. 28 and 80.)

The mere filing of a complaint does not amount to an abuse of process.  The Letter Agreements governing the Parties' relationship relative to the Botox Workshops provide, at Section 11(d), "This letter agreement shall be governed by the laws of the State of Ohio without giving effect to the choice or conflicts of laws provisions thereof."  (Docket #1-1 at p. 18.) There is no requirement in the Letter Agreements that lawsuits be filed in Ohio and Federal courts routinely apply law from outside of a chosen venue to legal claims when a contract so provides.

Plaintiffs removed Dr. Jesse's lawsuit from State to Federal Court in California on August 19, 2015.  Challenges regarding venue or jurisdiction could have and should have been raised in California – during the California litigation – not in this Court after the fact.[3]

---

[3]

A review of the docket in the California litigation reveals that on September 11, 2015, Dr. Malcmacher and AAFE filed a Motion for Judgment on the Pleadings in the California litigation, arguing in part ,"Plaintiff entered into multiple contract with Defendants, all of which provided that the agreements would be governed by Ohio law. Accordingly, Plaintiff has voluntarily waived his right to pursue California claims under his contracts with Defendants."  (California Litigation, Docket #26, at p.4.)  On November 3, 2015, the California Court issued an "In Chambers Order" denying Dr. Malcmacher and AAFE's Motion for Judgment on the Pleadings.  (California Litigation, Docket #38.)  On January 15, 2016, Dr. Malcmacher and AAFE filed a Motion for Summary Judgment, and on March 3, 2016 filed a Supplemental Brief, in the California Litigation.  (California Litigation, Docket #s 40 and 59.)  Dr. Malcmacher and AAFE cited California law and did not raise issues regarding choice of law or venue.

-11-

Furthermore, Plaintiffs' claims regarding Dr. Jesse's motivation for filing in California rather than Ohio have no factual support in the record and amount to nothing more than self-serving theory.  Dr. Malcmacher testified during his deposition, "They were just looking – Dr. Jesse was just looking to try to hit the jackpot because he never should have had this case in California.  Our contract says it should have been in Ohio.  But he figured a California jury probably would have given him a big pay day."  (Docket #46 at p. 108.)  There is no factual support in the record for Dr. Malcmacher's testimony or the ulterior motive suggested by Plaintiffs.

**B.**     **Malicious Prosecution.**

Plaintiffs argue that Dr. Jesse "maliciously prosecuted the California lawsuit to injure Plaintiffs in retaliation for the Dental Board Dispute."  Plaintiffs assert none of the eight claims raised by Dr. Jesse in the California Litigation were supported by probable cause; that Dr. Jesse "initiated the California Lawsuit being fully aware that his claims had no valid factual or legal basis;" and, that Dr. Jesse filed the lawsuit and "spoke of the lawsuit outside of the courtroom" in an attempt to force Plaintiffs to quickly settle the matter to avoid embarrassment and damage to Plaintiffs' reputation.

Dr. Jesse's claims in the California Litigation were tested through dispositive motions filed during the California Litigation and, based on the Judge's rulings, three of Dr. Jesse's claims proceeded to trial.  Dr. Jesse was represented by Counsel in California and, like Dr. Malcmacher, testified during deposition that he deferred to Counsels' legal expertise throughout the California Litigation.  The Court will not relitigate the merits of Dr. Jesse's California claims in this Court and Plaintiffs have failed to present any new evidence by which a jury could find Dr. Jesse initiated or continued the California Litigation without probable cause or with malice.

The Court has reviewed – and re-reviewed – the evidence presented by the Parties, including Dr. Jesse's deposition testimony and California Declaration, which are relied upon heavily by Plaintiffs in arguing Dr. Jesse filed the California Litigation without any legal basis and with "ill will and mal intent."  Despite Plaintiffs' attempts to prove otherwise, Dr. Jesse's testimony does not establish he was being deceitful, untruthful or malicious.

Moreover, the mere fact that at one point in time Dr. Jesse believed his legal interests to be aligned with those of Plaintiffs did not bind him to Plaintiffs for eternity or foreclose him from later pursuing his claims against Plaintiffs.  Many lawsuits arise from previously amicable relationships which have soured.  Animosity, without more, does not equate to malice.  A review of the entire record in this case demonstrates the ordinary evolution of the Parties' legal dispute – from the Board action through the trial of Dr. Jesse's claims in California – and there is no evidence by which a reasonable jury could conclude that Dr. Jesse filed the California Litigation with malicious intent.

## IV.    Conclusion.

For the reasons stated above, the Motion for Summary Judgment (Docket #44) is hereby GRANTED in its entirety.

Each party shall be responsible for their own attorney fees and costs.

This case is hereby TERMINATED.

IT IS SO ORDERED.

 s/Donald C. Nugent
DONALD C. NUGENT
United States District Judge


DATED: June 22, 2018

-13-