IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LOUIS J. MALCMACHER, DDS, et al., | ) | CASE NO.   1:17 CV 818 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| | ) | |
| JAMES T. JESSE, DDS | ) | **MEMORANDUM OPINION** |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion for Summary Judgment filed by Plaintiffs Louis J. Malcmacher, DDS ("Malcmacher") and the American Academy of Facial Esthetics, LLC ("AAFE") (collectively referred to as "Plaintiffs"). Pursuant to Fed. R. Civ. P. 56(a), Plaintiffs seek summary judgment as to the Counterclaim for Abuse of Process filed against them by Defendant, James T. Jesse, DDS ("Dr. Jesse").

I.  **Factual and Procedural Background.**[1]

From 2011 through 2014, Dr. Jesse contracted with AAFE to present Botox and dermal

---

[1]  The facts as stated in this Memorandum Opinion and Order are taken from the Parties' submissions. Those material facts that are controverted and supported by deposition testimony, affidavit, or other evidence are stated in the light most favorable to the non-moving Party.

filler workshops ("Botox Workshops") in Ohio and California on behalf of AAFE. Dr. Malcmacher was President of AAFE. In July 2013, the California Dental Board notified Dr. Malcmacher and Dr. Jesse of a dispute (the "Dental Board Dispute") involving events that occurred during a 2012 AAFE workshop for which Dr. Jesse was an instructor and during which it was alleged that live injections were performed on a non-patient, in violation of California regulations. Dr. Malcmacher and Dr. Jesse were represented by the same Ohio and California counsel in the Dental Board Dispute. Dr. Jesse resolved the Dental Board Dispute on January 20, 2015 through a private Citation Order.

  A.  **The California Litigaiton.**

On July 9, 2015, following resolution of the Dental Board Dispute, Dr. Jesse filed an eight count Complaint in California State Court, *James T. Jesse, D.D.S. v. Louis J. Malcmacher, D.D.S, et al.*, Case No. CIVDS1509595 ("California Litigation"), Superior Court of the State of California, County of San Bernardino, Central District, alleging Intentional Misrepresentation, Concealment, False Promise, Negligent Misrepresentation, Breach of Contract, Breach of Covenant of Good Faith and Fair Dealing, Elder Abuse and Negligence, against Dr. Malcmacher and AAFE. Dr. Jesse alleged that he continued to serve as an instructor at Botox injection workshops based on misrepresentations made by Dr. Malcmacher and AAFE, subjecting him to Dental Board scrutiny and resulting in out-of-pocket expenses for his defense which Dr. Malcmacher and AAFE promised to compensate him for but never did. Dr. Jesse alleged that Dr. Malcmacher and AAFE took financial advantage of him by obtaining his services with the intent to defraud. Dr. Malcmacher and AAFE subsequently removed the case to the United States District Court for the Central District of California, Case No. 5:15 CV 1677, and filed a

Counterclaim for Breach of Contract, alleging that Dr. Jesse was not permitted to perform live injections under the contract and training materials governing the Parties' relationship.

The California District Court granted summary judgment in favor of Dr. Jesse on Dr. Malcmacher and AAFE's Breach of Contract Counterclaim. The California Court granted Dr. Malcmacher and AAFE summary judgment on Dr. Jesse's Intentional Misrepresentation, Negligent Misrepresentation, False Promise, Elder Abuse and Negligence claims. The remainder of the case – Dr. Jesse's claims for Fraudulent Concealment, Breach of Contract and Breach of Implied Covenant of Good Faith and Fair Dealing – proceeded to trial on November 29, 2016. The California Court entered a directed verdict in favor of Dr. Malcmacher and AAFE on Dr. Jesse's Breach of Contract and Breach of Implied Covenant of Good Faith and Fair Dealing claims. On November 30, 2016, the jury entered a verdict in favor of Dr. Malcmacher and AAFE on Dr. Jesse's Fraudulent Concealment claim.

**B.     Plaintiffs' Lawsuit in this Court.**

On March 16, 2017, Plaintiffs filed the instant action in the Cuyahoga County Court of Common Pleas, Case No. CV 17 877466. On April 17, 2017, Dr. Jesse filed a Notice of Removal with this Court pursuant to this Court's diversity jurisdiction. Plaintiffs asserted claims against Dr. Jesse for Abuse of Process and Malicious Prosecution, alleging that the California lawsuit filed by Dr. Jesse was filed "to intentionally drive-up Dr. Malcmacher's and AAFE's costs and to force an unreasonable settlement," and filed without probable cause and with malice. On July 15, 2017, Dr. Jesse filed his Answer to Complaint and Amended Counterclaim, setting forth causes of action for Abuse of Process, Malicious Prosecution and Tortious

Interference with Business Relationships.

    **C.**    **Plaintiffs' Motion for Judgment on the Pleadings.**

On August 9, 2017, Plaintiffs filed their Second Motion for Judgment on the Pleadings, asking the Court to grant judgment in its favor on all of Dr. Jesse's Counterclaims. (Docket #21.) On December 11, 2017, this Court granted Plaintiffs' Motion for Judgment on the Pleadings in its entirety, finding Dr. Jesse's Counterclaim for Tortious Interference to be barred by the doctrine of *res judicata* – as it could have been litigated as part of the California litigation – and finding that to the extent Dr. Jesse's Counterclaims for Abuse of Process and/or Malicious Prosecution were not likewise barred, there were no allegations set forth in the Amended Counterclaim sufficient to establish that Plaintiffs perverted proceedings, in either the California case or in this Court, for an ulterior purpose, or initiated or continued said proceedings with malice or a lack of probable cause.

    **D.**    **Dr. Jesse's Motion for Summary Judgment.**

On March 20, 2018, Dr. Jesse filed a Motion for Summary Judgment, arguing Plaintiffs failed to present any evidence sufficient to support their claims against him for Abuse of Process and Malicious Prosecution. (Docket #44.) Plaintiffs filed an Opposition Brief on April 19, 2018. (Docket #49.) Dr. Jesse filed a Reply Brief on May 3, 2018. (Docket #52.) On June 22, 2018, this Court granted Dr. Jesse's Motion for Summary Judgment in its entirety.

    **E.**    **Appeal.**

The Parties appealed. On September 12, 2019, the Sixth Circuit Court of Appeals reversed this Court's decisions in part, sending the case back to this Court for trial on certain

claims asserted by Plaintiffs. The Sixth Circuit also reversed this Court's decision on Plaintiffs' Motion for Judgment on the Pleadings in part, stating as follows:

> . . . Jesse's abuse of process counterclaim survives. For that counterclaim, Jesse alleges that Malcmacher abused the discovery process by continuing to seek information related to his breach of contract counterclaim, even after the California district court had dismissed it. He further alleges that Malcmacher engaged in that misconduct "for [the] ulterior purpose[] of driving up [his] attorneys fees, costs and expenses in the" California litigation. Because Jesse alleged specific facts related to Malcmacher's purported litigation misconduct, Jesse has set forth a plausible claim for abuse of process.

(Court of Appeals Decision at p. 19 (citations omitted).)

The Court granted the Parties request to conduct limited discovery with respect to Dr. Jesse's Counterclaim for Abuse of Process. Plaintiffs filed the instant Motion for Summary Judgment on February 3, 2020. The Motion for Summary Judgment is fully briefed and ripe for review.

**II.     Standard of Review.**

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex v. Catrett*, 477 U.S. 317, 323 (1986). A fact is "material" only if its resolution will

affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. Ohio 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. Mich. 1995) (citing *Anderson*, 477 U.S. at 252). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citations omitted).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party. The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. Ky. 1995). FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as

an automatic grant of summary judgment, where otherwise appropriate. *Id.*

As a general matter, the district judge considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law." *Anderson*, 477 U.S. at 248. The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter. *Id.* at 249. The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.*

In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

**III.    Discussion**.

An abuse of process cause of action requires "an ulterior motive in using the process" and a "willful act in the use of the process not proper in the regular course of proceedings." *Rusheen v. Cohen,* 37 Cal. 4th 1048, 1057, 39 Cal. Rptr. 516, 128 P.3d 713 (2006). An abuse of process action requires "[s]ome definite act or threat beyond the scope of the process." *Abraham v. Lancaster Cmty. Hosp.*, 217 Cal. App. 3d 796, 826, 168 Cal. Rptr. 361 (2nd Dist. 1990) (citing *Ion Equipment Corp. v. Nelson*, 110 Cal. App. 3d 858, 876 (1st Dist. 1980)). "The mere filing or maintenance of a lawsuit – even for an improper purpose – is not a proper basis for an abuse of process action." *Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc.,* 42

Cal. 3d 1157, 232 Cal. Rptr. 567, 728 P.2d 1202 (1986).

In his Abuse of Process Counterclaim, Dr. Jesses alleges that "Plaintiffs' pursuit of the counterclaim against Jesse in the California Case, was by the time Jesse had to file his Motion for Summary Judgment, willful and not proper in the regular conduct of proceedings" and that Plaintiffs "sought to use this improperly filed, improperly maintained and improperly without basis in law or fact counterclaim for ulterior purposes of driving up Jesse's attorneys fees, costs and expenses in the California Case and otherwise causing him damage." Dr. Jesse alleged that Plaintiffs' Breach of Contract Counterclaim in the California Litigation was meritless; that the Contract governing the Parties' relationship did not prohibit live injections during seminars; and, that despite the fact that the Dental Board Citation Order stated Dr. Jesse had performed a live injection during the workshop, Plaintiffs knew, or should have known upon reasonable investigation, that Dr. Jesse did not actually perform an injection at the workshops in question. While Dr. Jesse maintains he did not perform a live injection during the workshop in question, he has since admitted during deposition in this case that if an instructor would have performed a live injection at an AAFE seminar, it would have in fact been in violation of the Parties' Contract. (Docket #66-2 at p. 135.)

Dr. Jesse has failed to present any evidence of a willful act in the use of the process not proper in the regular course of proceedings on the part of Plaintiffs relative to their Breach of Contract Counterclaim against Dr. Jesse in the California Litigation, and there is no evidence that Plaintiffs litigated their Breach of Contract claim in the California Litigation with the ulterior motive of driving up Dr. Jesse's attorney fees and expenses or otherwise cause him damage. Plaintiffs' litigation of their Breach of Contract Counterclaim in the California

Litigation, although ultimately unsuccessful, was proper in the regular course of the proceedings and there is no evidence by which a jury could return a verdict in favor of Dr. Jesse on his Abuse of Process Counterclaim. Accordingly, Plaintiffs are entitled to summary judgment as a matter of law as to Dr. Jesse's Abuse of Process Counterclaim in this Court.

**IV.    Conclusion.**

For the reasons stated above, the Motion for Summary Judgment filed by Plaintiffs (Docket #66) is hereby GRANTED.

Plaintiffs' No tice of Discovery Dispute (Docket #67) is DENIED AS MOOT.

Trial as to Plaintiffs' remaining claims remains set for June 3, 2020.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
Senior United States District Judge

DATED: April 17, 2020